DAVID A. HUBBERT
Deputy Assistant Attorney General

YEN JEANNETTE TRAN (WABN 43176)
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 616-3366
Fax:         (202) 307-0054
E-mail:      Yen.Jeannette.Tran@usdoj.gov

Counsel for United States of America

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HIMANSHU P. KANSARA,<br><br>　　　　Defendant. | Case No. 5:23-cv-03470<br><br>**COMPLAINT** |

Plaintiff, the United States of America, brings this action to collect unpaid federal penalty assessments and interest as provided by law, and to reduce those assessments to judgment. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq.*) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011. In support of this action, the United States complains and alleges as follows:

**INTRODUCTION**

1.　　This is a timely civil action brought by the United States to collect the outstanding unpaid civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as "FBAR penalties," made against defendant Himanshu P. Kansara for his failure to report his interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder.

2. This action is brought with the authorization of the Secretary of the Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANT

3. Defendant Himanshu P. Kansara is a United States citizen, who currently resides in Santa Clara County, California.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345, and 1355.

5. Venue properly lies in the Northern District of California under 28 U.S.C. § 1391(b)(1) because Kansara resides within the judicial district.

## FBAR REPORTING REQUIREMENTS

6. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

7. To fulfill the requirement of 31 U.S.C. § 5314 during the 2011 and 2012 calendar years, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the 2011 and 2012 calendar years, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

8. To fulfill the requirement of 31 U.S.C. § 5314 during the 2013 and 2014 calendar years, a person must file a FinCEN Form 114, also commonly known as an "FBAR." For these calendar years, an FBAR was due by June 30 following the calendar year reported for all foreign financial accounts exceeding $10,000. 31 C.F.R. § 1010.306(c).

9. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

Complaint                                                                  2

10. Kansara had signature or other authority over at least three foreign bank accounts during at least years 2011 through 2014, as described below with only the last four digits of each account number listed:

| Name on Account | Bank | Account Number (Last 4 Digits) | Years of FBAR Penalties |
|---|---|---|---|
| M/S. Wincere Solutions Private Limited | HDFC Bank | 1201 | 2011-2014 |
| M/S. Wincere Solutions Private Limited | ICICI Bank | 0063 | 2012-2014 |
| M/S. Wincere Solutions Private Limited | HDFC Bank | 1196 | 2014 |

11. For each of the years 2011 through 2014, the aggregate amounts in the accounts listed in paragraph 10, above, exceeded $10,000 in U.S. currency.

12. Kansara was required by law to file FBARs reporting his financial interest in the accounts listed in paragraph 10, above, for the years 2011 through 2014, as well as any other year that satisfied the FBAR reporting requirements.

13. Kansara did not file timely FBARs that disclosed the foreign bank accounts listed in paragraph 10, above, for the years 2011 through 2013.

14. Kansara did not file a timely and accurate FBAR that disclosed the foreign bank accounts listed in paragraph 10, above, for the year 2014.

15. On February 25, 2016, Kansara submitted delinquent FBARs for the years 2011 through 2014.

16. In his 2011 FBAR, Kansara disclosed the HDFC bank account ending 1201, described in paragraph 10, above, in Part IV (Information on Financial Account(s) Where Filer has Signature or Other Authority but No financial Interest in the Account(s)) of the FBAR. The 2011 FBAR lists "Wincere Inc" as the owner of the bank account and states that Kansara had signature authority over that bank account.

17. In his 2012, 2013, and 2014 FBARs, Kansara disclosed the HDFC bank account ending 1201 and ICICI bank account ending 0063, described in paragraph 10, above, in Part IV of the FBARs. The 2012, 2013, and 2014 FBARs list "Wincere Inc" as the owner of these bank accounts and state that Kansara had signature authority over these bank accounts.

18. Kansara did not disclose the HDFC bank account ending 1196, described in paragraph

Complaint                                                           3

10, above, in Part IV of his 2014 FBAR.

## WILLFUL FAILURE TO FILE FBARs

19. Kansara is a naturalized United States citizen born in India. He obtained a Bachelor of Computer Engineering degree from the University of Pune in India in 1993.

### *Himanshu Kansara's Relations with Foreign Banks and Entities*

20. In 2009, Kansara and Sandeep K. Bhat founded Wincere, Inc. ("Wincere"). Wincere was a United States corporation that was incorporated in the State of California (California Corporate Number: 3209983). Wincere was a healthcare and life sciences research and consulting company that provided clinical data management and clinical and statistical programming solutions to companies in the biotech, pharmaceutical, and medical device industry.

21. In December 2016, Wincere was acquired by Indegene, a global healthcare solutions provider. At the time of Indegene's acquisition of Wincere, Bhat was the Chief Executive Officer

22. During at least years 2011 through 2014, Bhat and Kansara each owned a 50% interest in Wincere as the sole shareholders of Wincere.

23. During at least years 2011 through 2014, Bhat was on Wincere's Board of Directors and held various officer/executive positions at Wincere, including President and Managing Director.

24. During at least years 2011 through 2014, Kansara was on Wincere's Board of Directors and held various officer/executive positions at Wincere, including President, CEO, and Secretary.

25. Prior to his work at Wincere, Kansara served as a technology consultant in the health care and life sciences industry at the following companies: Asea Brown Boveri Private Limited; L&T Infotech; SmartAge; Genetech; and Oracle.

26. During the years at issue, Bhat and Kansara, through Wincere, formed three foreign subsidiary corporations in India: (1) Wincere Solutions Pvt. Ltd. ("Wincere Solutions") formed in 2011; (2) Wincere Analytics Lab Pvt. Ltd. ("Wincere Analytics") formed in 2013; and (3) Jagmohan Softsolutions Pvt. Ltd ("Jagmohan") formed in 2013 (collectively, "Foreign Subsidiaries").

27. During at least the years 2011 through 2014, Wincere wholly owned Wincere Solutions and, in turn, Wincere Solutions wholly owned Wincere Analytics and Jagmohan.

28. During at least the years 2011 through 2014, Kansara had an ownership and financial

Complaint                                                4

interest in the Foreign Subsidiaries.

29. During at least the years 2011 through 2014, Bhat and Kansara were Directors of Wincere Solutions, Wincere Analytics, and/or Jagmohan.

30. For at least the years 2012 through 2013, Kansara, as Director, had access to Wincere Solutions' financial statements.

31. Kansara, as Director, signed Wincere Solutions' balance sheets for the years 2012 through 2013.

32. During at least the years 2011 through 2014, Wincere hired foreign workers from India that were either employed or sent to the United States by Wincere Solutions.

33. During at least the years 2011 through 2014, Wincere Solutions held at least the foreign bank accounts listed in paragraph 10, above, and Kansara had signature or other authority over these accounts.

***Tax Returns and IRS Examination***

34. In or about July 2015, the IRS opened an examination regarding Wincere's Form 1120 (U.S. Corporation Income Tax Return) for tax year 2013. During that examination, the IRS expanded the examination to include the following:

  a. Wincere's Form 1120 for tax year 2012 and 2014 in or about October 2015;

  b. Kansara's and his wife's, Neelam Kansara, (collectively, "Kansaras"), Form 1040 (U.S. Individual Income Tax Return) for tax years 2012 through 2014 in or about January 2016;

  c. Wincere's Form 941 (Employer's Quarterly Federal Tax Return) for the fourth quarter of 2012 in or about February 2016 and all quarters of 2013 and 2014 in or about May 2016;

  d. Wincere's Form 941 for all quarters of 2013 and 2014 in or about May 2016; and

  e. Kansara's Form 5471 (Information Return of U.S. Persons with Respect to Certain Foreign Corporations)[1] and FBARs for the years 2011 through 2014 in or about

---

[1] Form 5471 is used by certain U.S. persons who are officers, directors, or shareholders in certain foreign corporations to report, *inter alia*, ownership interest in foreign corporations. The form and schedules are

Complaint                                                              5

1       February 2016.

2     35.    Prior to the examination of Wincere's and Kansara's taxes described in paragraph 34, above, Wincere had failed to disclose its foreign financial and ownership interest in the Foreign Subsidiaries to the IRS for the years 2011 through 2014.

36.    Prior to the examination of Wincere's and Kansara's taxes described in paragraph 34, above, Kansara had failed to disclose his ownership interest in the Foreign Subsidiaries and his signature or other authority over, at least the foreign bank accounts listed in paragraph 10, above, to the IRS and Department of Treasury for the years 2011 through 2014, including failing to file timely and/or accurate Forms 5471 and FBARs for those years.

### *Wincere's Tax Returns*

37.    Harshad Shah of Harshad Shah Financial Services prepared Forms 1120 for Wincere for tax years 2011 through 2014. Shah only provided tax return preparation services for Wincere and did not provide bookkeeping services for Wincere.

38.    During at least the years 2011 through 2015 and prior to the examination, while engaged with Shah, Bhat and Kansara also consulted other accountants and an immigration attorney regarding foreign worker employment permit issues.

39.    For the tax years 2011 through 2014, Bhat and Kansara failed to disclose and provide adequate information to Shah that Wincere had any ownership or financial interest in any foreign entity or foreign bank account.

40.    For the tax years 2011 through 2014, Shah was not aware of Wincere's foreign financial and ownership interest in the Foreign Subsidiaries or foreign bank accounts. Shah understood that any discussion of foreign companies with Bhat and/or Kansara was speculative, for future planning, and/or regarding foreign companies owned by entities or persons other than Wincere, Bhat, or Kansara.

41.    In 2014, Shah advised Bhat and Kansara to obtain another tax preparer for Wincere because of Wincere's increased business volume and referred them to another tax preparer. However, Wincere continued to use Shah to prepare its Form 1120 for tax year 2014.

---

used to satisfy the reporting requirements of sections 6038 and 6046 and the related regulations.

Complaint                               6

42. In or about April 2015, Bhat, Kansara, and Gaurav Tripathi, an employee of Wincere Solutions who acted as a bookkeeper for Wincere, asked Shah about foreign subsidiary filing requirements and Shah provided them with a Form 5471. Tripathi was held out as an independent contractor to Shah by Kansara and not an employee of Wincere Solutions.

43. Wincere did not report any ownership interest in the Foreign Subsidiaries in its filed Form 1120, Schedule K, for tax years 2011 through 2014. These Forms 1120 were signed under penalties of perjury by Kansara as President.

*Himanshu Kansara's Tax Returns*

44. Shah also prepared Forms 1040 for the Kansaras, for tax years 2011 through 2014.

45. For the tax years 2011 through 2014, Kansara failed to disclose and failed to provide adequate information to Shah that he had ownership or financial interest in any foreign entity and that he had financial and signature or other authority over any foreign bank accounts.

46. The Kansaras did not file any Schedule Bs with their filed Forms 1040 for tax years 2011 through 2014.

*IRS Examination*

47. Kansara did not fully cooperate in the examination. During the examination and prior to the filing of his delinquent FBARs, Kansara failed to disclose his and Wincere's ownership and participation in the Foreign Subsidiaries and at least the foreign bank accounts listed in paragraph 10, above, to the IRS despite inquiries from the IRS regarding foreign business ownership and activity.

48. Further, in at least the following instances during the examination, Kansara and/or his representative provided evasive, misleading, and/or false information regarding Kansara and/or Wincere to the IRS:

    a. During a meeting on or about September 17, 2015, with the IRS Revenue Agent conducting the examination, Bhat, Kansara, and Shah denied that Wincere had any foreign business, customers, vendors or bank accounts when asked by the Revenue Agent;

    b. During a meeting on or about October 26-27, 2015, with the Revenue Agent, Yamini Patel (a CPA hired by Wincere, Bhat, and Kansara during the examination) told the

Complaint 7

        Revenue Agent that the foreign workers employed by Wincere, described in paragraph 32, above, were sent by an "agency" and did not disclose Wincere Solutions as the "agency";

    c. During this meeting, Patel also told the Revenue Agent that Tripathi was an independent contractor in India and did not disclose that Tripathi was an employee of Wincere Solutions;

    d. During a subsequent meeting on or about December 10-11, 2015, with the Revenue Agent, Bhat, and Patel, Kansara stated that he and Bhat did not own Wincere Solutions but had plans to make either Wincere or Wincere Solutions the parent company for the two corporations;

    e. During this subsequent meeting, Kansara further spoke in vague terms and did not tell the Revenue Agent that he and Bhat were the owners of the Foreign Subsidiaries and said they were in the "planning stage"; and

    f. During this subsequent meeting, Patel also denied that Wincere Solutions was related to Wincere.

49. On February 25, 2016, about 6 months after the IRS opened the initial examination regarding Wincere's Form 1120, Kansara submitted delinquent FBARs for the years 2011 through 2014, described in paragraphs 15-18, above.

50. During the examination, Kansara exercised his appeal rights with the IRS, but ultimately consented to the immediate assessment and collection of the willful FBAR penalties that were assessed against Kansara for the years 2011 through 2014 by returning a signed IRS Form 13449 (Agreement to Assessment and Collection of Penalties Under 31 §§ USC 5321(a)(5) and 5321(a)(6)) dated June 28, 2021 to the IRS.

51. Prior to the filing of his delinquent FBARs for the years 2011 through 2014, Kansara had consulted or engaged with accounting and legal professionals who, if accurately informed of his foreign activity, would have advised him that he was required to file FBARs for the years 2011 through 2014.

//

//

**CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5))**

*Liability for Civil Penalties*

52. During the years 2011 through 2014, Kansara was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

53. During the years 2011 through 2014, Kansara had signature or other authority, within the meaning of 31 C.F.R. § 1010.350(e), over at least the foreign accounts described in paragraph 10, above ("the Accounts").

54. The Accounts were bank accounts in a foreign country.

55. During the years 2011 through 2014, the aggregate balance in the Accounts exceeded $10,000.

56. Kansara did not file timely FBARs for the years 2011 through 2013 to report his financial interest in the Accounts for these years in violation of 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

57. Kansara did not file a timely and accurate FBAR for the year 2014 to report his financial interest in the Accounts for these years in violation of 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

58. The failure of Kansara to file timely FBARs with regard to the years 2011 through 2013 and failure of Kansara to file a timely and accurate FBAR with regard to the year 2014 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalties*

59. This action is timely commenced.

60. The statute of limitations for assessment of an FBAR penalty is six years from the date of the violation. 31 U.S.C. § 5321(b)(1).

61. On or about February 27, 2018, Kansara consented to extend the statute of limitations for the assessment of FBAR penalties for the year 2011 to December 31, 2019.

62. On or about October 29, 2018, Kansara consented to extend the statute of limitations for the assessment of FBAR penalties for the years 2011 through 2012 to June 30, 2020.

63. On or about February 3, 2020, Kansara consented to extend the statute of limitations for the assessment of FBAR penalties for the years 2011 through 2013 to December 31, 2020.

64. On or about July 21, 2020, Kansara consented to extend the statute of limitations for the

assessment of FBAR penalties for the years 2011 through 2013 to June 30, 2021.

65. On or about January 14, 2021, Kansara consented to extend the statute of limitations for the assessment of FBAR penalties for the years 2011 through 2014 to June 30, 2022.

66. On or about or about July 16, 2021, a delegate of the Secretary of the Treasury timely assessed civil penalties against Kansara in the amount of $128,502.99, due to his willful failure to file timely and accurate FBARs to disclose the Accounts to the IRS for the years 2011 through 2014.

67. A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to Kansara for the FBAR penalties at Kansara's last known address.

68. Despite the notice and demand for payment, Kansara failed to pay the FBAR penalties.

69. After the assessment and notice and demand for payment of the FBAR penalties, the IRS identified computational issues (such as using the account balance on June 30 of the following year for the penalty year at issue in calculating the highest aggregate balances and including two additional financial accounts in its original assessments). The IRS subsequently evaluated these computational issues and has advised that the penalty amounts, as assessed, need to be recalculated.

70. Because the manner and methodology the IRS originally employed in calculating the amount of the willful FBAR penalties for the years 2011 through 2014 assessed against Kansara contained computational issues, the United States does not seek a judgment in the amount of the willful FBAR penalties the IRS assessed against Kansara.

71. Instead, the United States alleges that the amount of the willful FBAR penalties Kansara owes should be recalculated in further proceedings after this Court determines that Kansara is liable for willful FBAR penalties for the years 2011 through 2014.

72. The United States is entitled to judgment against Kansara finding that he is liable for willful FBAR penalties for his failure to timely and/or accurately report the Accounts for the years 2011 through 2014, and in an amount that will be determined after further proceedings. That amount shall include pre-judgment and post-judgment statutory accruals as provided by 26 U.S.C. § 3717(a) and § 3717(e), and 28 U.S.C. § 1961, from the date of judgment until paid in full.

//
//

WHEREFORE, the United States requests that the Court:

A.      Enter judgment in favor of the United States of America and against Kansara for his willful failure to file timely and/or accurate FBARs reporting his signature or other authority over the Accounts for the years 2011 through 2014, and in an amount that will be determined after further proceedings. That amount shall include pre-judgment and post-judgment statutory accruals as provided by law from the date of judgment until paid in full; and

B.      Award the United States of America its costs, and such other further relief as the Court deems just and proper.

Dated: July 12, 2023.

    DAVID A. HUBBERT
    Deputy Assistant Attorney General

    */s/ Yen Jeannette Tran*
    YEN JEANNETTE TRAN
    Trial Attorney, Tax Division
    United States Department of Justice

    *Counsel for the United States of America*